UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PUBLIC UTILITY DISTRICT NO. 1 OF PEND OREILLE COUNTY, WASHINGTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, <br><br> Defendants. | Civil Action No. 06-365 (RMC) <br> Civil Action No. 06-768 (RMC) |

## MEMORANDUM OPINION & ORDER

Federal district courts rarely wander into the territory of the Federal Energy Regulatory Commission ("FERC") because appeals of FERC orders lie exclusively in the federal courts of appeals. This case, which has its origins in a FERC order, is brought by Public Utility District No. 1 of Pend Oreille County, Washington (the "District"), and its primary hydroelectric power customer, Ponderay Newsprint Co. ("PNC") (collectively, "Plaintiffs"), challenging the Department of the Interior's ("DOI") interpretation and application of new rules that DOI promulgated pursuant to the Energy Policy Act of 2005 ("the EPAct"), 16 U.S.C. §§ 797(e), *et seq*. Pending before the Court are motions to dismiss filed by DOI and Intervenor-Defendant Kalispel Tribe of Indians ("Kalispel"), in which Defendants argue that jurisdiction lies exclusively in the courts of appeals and that the new rules are consistent with the plain language of the EPAct. For the following reasons, the Court will deny both motions without prejudice and stay this case.

The background of this dispute is lengthy, but for present purposes a summary will suffice. The Federal Power Act ("FPA") authorizes FERC to issue licenses "for the development,

transmission, and utilization of power across, along, from, or in" navigable waters and waters otherwise subject to congressional regulation under the Commerce Clause, as well as public lands and reservations of the United States. *See* 16 U.S.C. § 797(e). Section 4(e) of the FPA, 16 U.S.C. § 797(e), authorizes the Secretaries of Agriculture and Interior to establish mandatory conditions for FERC licensees as they believe necessary for the protection and utilization of reservations. Similarly, section 18 of the FPA, 16 U.S.C. § 811, authorizes the Secretaries of Commerce and Interior to prescribe fishways at FERC-licensed hydropower projects. FERC may express its disagreement with the conditions, and it may elect not to issue a license, but it must include the conditions set by the Secretaries in any license it issues. *Escondido Mut. Water Co. v. La Jolla Band of Mission Indians*, 466 U.S. 765, 772-79 (1984). Only a federal court of appeals, pursuant to 16 U.S.C. § 825*l*(b), may review the validity of such conditions and modify or reject them. *Id.* at 777.

      The EPAct was signed into law on August 8, 2005. Pub. L. No. 109-58, 119 Stat. 594 (2005). The EPAct amended sections 4(e) and 18 of the FPA to provide parties to a FERC licensing proceeding certain due-process rights, including the right to have disputed issues of material fact determined in a trial-type hearing before an Administrative Law Judge of the Department whose Secretary imposed disputed conditions on a FERC license. *See* 16 U.S.C. §§ 797(e) & 811. The Departments of Agriculture, Interior, and Commerce published regulations implementing those amendments on November 17, 2005. *See* Interim Final Rules ("Rules"), 70 Fed. Reg. 6904 (Feb. 9, 2005). By their terms, the Rules apply only to license proceedings from which no license had been issued as of November 17, 2005 (the effective date of the Rules). 43 C.F.R. § 45.1(d)(1).

      The District is a municipal corporation that owns and operates an electric and water utility serving about 7,000 customers in Pend Oreille County, Washington. Its Box Canyon

Hydroelectric Project ("Project") produces 72 megawatts of electricity and "occupies about 717 acres of federal lands, including about 190 acres within the Colville National Forest and about 493 acres within the Kalispel Indian Reservation." *Public Utility District No. 1 of Pend Oreille County*, 112 FERC ¶ 61,055 at 61,405, 2005 WL 1609337 (FERC July 10, 2005). The original license for the Project was issued in 1952 and expired on January 31, 2002. *Id.* In accord with the strictures of the FPA, the District initiated the process for re-licensing on January 21, 2000. *Id.* at 61,406. An Order Issuing New License was issued by FERC on July 11, 2005. *See id.* at 61,405.

The District was unhappy with certain license conditions that were imposed by DOI under FPA sections 4(e) and 18. *See* Compl. ¶ 1. Accordingly, the District asked FERC for a rehearing and, on August 10, 2005, sent a letter to the Secretary of the Interior requesting that DOI comply with its new trial-type hearing obligations under the EPAct. *Id.* ¶¶ 33, 40. By letter dated September 23, 2005, Lawrence A. Finfer, Acting Director, Office of Policy Analysis, responded for the Secretary and informed the District that the new EPAct provisions would not be applied to the Box Canyon proceeding. *Id.* ¶ 41. On December 19, 2005, after the Rules were published, the District filed a formal request with DOI for a trial-type hearing. *Id.* ¶ 42. By letter dated February 1, 2006, DOI advised the District that it was rejecting this request. *Id.* ¶ 43. It relied upon the Rules that limited the hearing procedures to those proceedings in which FERC had not issued a licensing order as of November 17, 2005. *See id.*

The District filed this action on March 1, 2006. Its complaint seeks review of the Rules under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500, *et seq.* DOI filed a motion to dismiss, arguing (1) that this Court lacks jurisdiction because the suit is really a collateral attack on licensing conditions and, therefore, exclusive jurisdiction lies in the court of appeals; and (2) that

the Rules are, in any event, valid. Kalispel, which participated before FERC, joins DOI's motion concerning the Court's jurisdiction. Plaintiffs oppose the motions, arguing that this lawsuit is no more than a challenge to the Rules under the APA; they do not seek to litigate the merits of the licensing conditions. The motions to dismiss are now fully briefed.

There have been two important developments since Defendants filed their motions to dismiss last May. First, FERC has adjudicated the District's request for rehearing, granting it in part and denying it in part. *See Public Utility Dist. No. 1 of Pend Oreille County, Washington*, 117 FERC ¶ 61,205, 2006 WL 3337398 (FERC Nov. 17, 2006). Second, PNC and the District have appealed the FERC licensing decision to the D.C. Circuit. In both proceedings, Plaintiffs have raised the same challenge that is the subject of this lawsuit — that they should be afforded a trial-type hearing under § 241 of the EPAct. Indeed, PNC's "Statement of Issues" filed in the D.C. Circuit on December 21, 2006, makes clear that it will be arguing this issue during the appeal.

Given the apparent overlap between Plaintiffs' appeal and this case, Kalispel filed a letter informing the Court of the representations in PNC's Statement of Issues, and the Court issued an Order directing Plaintiffs to show cause why those statements should not be treated as a concession that the appeal involves substantially the same issues as this case. In response to the Court's Order to Show Cause, the District candidly admits that will argue to the Court of Appeals that it should have been given a trial-type hearing under the EPAct, but it asks this Court not to dismiss the instant action because it is not clear whether the Court of Appeals will address the issue. PNC argues that the issues are different and therefore the cases do not overlap.

It is true that the issues pending in this lawsuit are not identical to the issues pending before the Court of Appeals, and the Court agrees with Plaintiffs that dismissal is not warranted on

that basis. The issues do, however, overlap considerably. On that basis, a stay of this action is warranted. First, it clear that the D.C. Circuit could reach the issue that is at the center of this action, and if Plaintiffs prevail then at least part of this action would be moot. Second, there is an obvious risk of inconsistent decisions if this Court were to decide Plaintiffs' claims on the merits before the D.C. Circuit issues its decision. Third, Plaintiffs will not be prejudiced if this action is stayed because the D.C. Circuit has stayed the licensing conditions that are the ultimate target of their legal challenges. If the Court of Appeals addresses Plaintiffs' argument that the District was entitled to a trial-type hearing, this case will probably be rendered moot. If the Court of Appeals refuses to address that issue on the merits, then this case can probably continue. The Court thus concludes that it is in the interest of justice to hold this case in abeyance until the D.C. Circuit has decided the appeal.

Accordingly, it is hereby

**ORDERED** that Defendants' Motions to Dismiss [Dkt. Nos. 6 & 8] are **DENIED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that this case is stayed pending the D.C. Circuit's decision in consolidated Case Nos. 06-1839 and 06-1837. The parties shall notify this Court within 30 days of the D.C. Circuit's final disposition of those consolidated appeals.

**SO ORDERED**.

/s/
ROSEMARY M. COLLYER
United States District Judge

DATE: March 15, 2007